USDC SCAN INDEX SHEET

















CAG    5/3/06    9:59

3:06-CV-00675    CONCEPCION V. CINGULAR WIRELESS

*4*

*AMDCMP.*

ORIGINAL

1  HULETT HARPER STEWART LLP
2  DENNIS STEWART, SBN: 99152
   BLAKE MUIR HARPER, SBN: 115756
3  550 West C Street, Suite 1600
   San Diego, CA 92101
4  Telephone:    (619) 338-1133
   Facsimile:    (619) 338-1139
5
6  NICHOLAS & BUTLER, LLP
   CRAIG M. NICHOLAS, SBN: 178444
7  MATTHEW B. BUTLER, SBN: 201781
   225 Broadway, 19th Floor
8  San Diego, CA 92101
   Telephone:    (619) 325-0492
9  Facsimile:    (619) 325-0496

10  Attorneys for Plaintiffs

11              IN THE UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13  VINCENT CONCEPCION and LIZA          CASE NO. 06CV0675 DMS (NLS)
    CONCEPCION, on Behalf of Themselves and
14  All Others Similarly Situated,       **CLASS ACTION**

15              Plaintiffs,              **FIRST AMENDED COMPLAINT FOR
                                         VIOLATIONS OF CONSUMERS LEGAL
16  v.                                   REMEDIES ACT; UNFAIR
                                         COMPETITION LAW; FALSE
17  CINGULAR WIRELESS LLC,               ADVERTISING STATUTE;
                                         FRAUDULENT CONCEALMENT; AND
18              Defendant.               UNJUST ENRICHMENT**

19

20                                       **CRTRM:     10**
                                         **JUDGE:     Honorable Dana M. Sabraw**
21

22                                       **JURY TRIAL DEMANDED**

23

24

25

26

27

28

FILED

06 MAY -2 PM 4: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

1    Plaintiffs VINCENT CONCEPCION and LIZA CONCEPCION (hereinafter "Plaintiffs" or

2  "Concepcions"), individually and on behalf of all others similarly situated, bring this action

3  against Defendant CINGULAR WIRELESS LLC (hereinafter referred to as "CINGULAR" or

4  "Defendant") for violations of California's Consumer Legal Remedies Act, Unfair Competition

5  Law, False Advertising Statute, fraud and unjust enrichment. Plaintiffs hereby complain and

6  allege, on information and belief, the following:

7                                          **INTRODUCTION**

8           1.      This case arises out of the Defendant's false advertising and marketing campaign

9  and its deceptive business acts and practices concerning the sale of cell phones and cell phone

10  service plans.  These practices include charging consumers sales tax on the full retail price of cell

11  phones that Defendant markets to the public as "free" or deeply discounted, then providing

12  purchasers point of sale documentation that continues to conceal material facts and mislead

13  consumers about the sales tax charged.

14          2.      At all relevant times, the Defendant advertised, offered for sale and sold cell

15  phones in conjunction with the sale of cell phone service.  The Defendant has conducted in the

16  past, and continues to conduct, an advertising and marketing campaign representing to consumers

17  that its cell phones may be obtained: (1) free with the activation of telecommunication service;

18  (2) free with the purchase of one cell phone; (3) free after rebate; (4) at a discount; and/or (5) at a

19  discount after rebate.   This advertising campaign is false and misleading because it fails to

20  adequately disclose to consumers that they are charged sales tax based on a hypothetical retail

21  price of the cell phones.

22          3.      Additionally, the Defendant has engaged, and continues to engage, in the

23  deceptive business practice of issuing false and misleading purchase documentation in connection

24  with such transactions that is designed to and does mislead consumers concerning the sales tax

25  charged.

26                                            **PARTIES**

27          4.      Plaintiffs VINCENT CONCEPCION and LIZA CONCEPCION, who are brother

28  and sister, are individuals who at all times herein relevant resided, and continue to reside in the

                                                    1

State of California, County of San Diego.  On or about February 12, 2005, the Defendant charged the Concepcions $149.99 for two cell phones, the first phone discounted by $100 and the second for "free," both in connection with the purchase of a two-year cell phone service agreement.  The Concepcions were charged $30.22 in sales tax, equal to 7.75 % of $399.98 and not the discounted amount actually charged.

5.    Defendant CINGULAR WIRELESS LLC, with its principal place of business in Atlanta, Georgia, is a company organized and existing under the laws of the State of Delaware and a California foreign limited liability company.  Defendant's wholly owned subsidiary, NEW CINGULAR WIRELESS PCS, LLC dba CINGULAR WIRELESS, is a California limited liability company authorized to and conducting business for profit in the state of California.  CINGULAR was founded in 2000 by SBC Communications, Inc. and Bellsouth Corporation, who own equity interests in it of 60 and 40 percent, respectfully.  SBC Communications, Inc. and Bellsouth Corporation share management control of CINGULAR.  CINGULAR is the largest provider of mobile wireless voice and data services in the United States by number of subscribers, serving more than 54 million customers.

## JURISDICTION AND VENUE

6.    Jurisdiction and venue are appropriate because CINGULAR is a California foreign limited liability company.  Furthermore, Defendant, at all times herein relevant conducted, and continues to conduct, business in the State of California, County of San Diego, and engages in the unfair and deceptive business practices alleged in this Complaint in California.  The Defendant has sufficient minimum contacts with California and intentionally availed itself of the laws of California by advertising and conducting transactions therein.

7.    Plaintiffs are informed and believe that they and the Class they seek to represent are entitled to restitution in an amount greater than five-million dollars ($5,000,000), the Class is larger than 100, and the Defendant is a citizen of a different state than the Plaintiffs, conferring jurisdiction over this action pursuant to the Class Action Fairness Act of 2005.  28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

8.    On February 12, 2005, the Concepcions entered into an agreement for cell phone

2

1  service and the purchase of cell phones with CINGULAR at a retail outlet located at 5620 Paseo

2  Del Norte, Suite 126C, Carlsbad, California.   The Concepcions were charged $149.99 for a

3  Motorola cell phone, $0.00 for a Nokia cell phone, and $30.22 in sales tax, equal to 7.75 % of

4  $399.98.

5      9.      In deciding to purchase the two cell phones and CINGULAR's service package,

6  the Concepcions relied on the false advertising campaign conducted by CINGULAR and, further,

7  sustained losses as a result of that reliance.  Liza Concepcion received advertisements in the mail

8  from CINGULAR touting the offer, and both Liza and Vincent Concepcion were told by

9  CINGULAR representatives at the store that they would receive a free cell phone.  Based on this

10 false advertising and marketing campaign, the Concepcions believed they would not be required to

11 pay anything, including any purported sales tax, for the "free" cell phone or any sales tax on an

12 amount greater than the discounted retail price of the other phone.  CINGULAR utilized the false

13 advertising and marketing campaign to entice the Concepcions and other consumers like them to

14 shop for and consider signing a service contract in exchange for "free" or deeply discounted cell

15 phones.

16     10.     After CINGULAR successfully lured Plaintiffs and other class members into its

17 stores the deception continued.  Once the Concepcions made their purchase they received a sales

18 receipt that continued to conceal CINGULAR's intent to charge and collect sales tax on a phantom

19 price.  The Defendant concealed and failed to disclose that the sales tax imposed was based on a

20 hypothetical retail price of the phones, and not the discounted price, by constructing the sales

21 receipt in a way designed to conceal from the consumer the manner in which it calculates sales tax.

22 CINGULAR utilizes this deceptive receipt in an attempt to avoid responsibility for engaging in the

23 deceptive business practices alleged herein.

24     11.     The Defendant thereby engages in a bait-and-switch tactic, which is then

25 furthered by their deceptive point of sale documentation.   By expressly representing to the

26 Concepcions that the phones would be given to them for free or at a discount, CINGULAR

27 implicitly represented that either no sales tax would be payable by the consumer on the

28 "discounted" portion of the price, or that CINGULAR would pay any applicable sales tax as a cost

3

of obtaining the lucrative service agreement with the consumer.  Once the Plaintiffs agreed to purchase the service contract they were still not alerted to the true cost of the phones.  The pertinent portion of the receipt, where the subtotal and sales tax are itemized, identifies a single entry for "sales tax" without any calculation shown of the sales tax, as is common on consumer receipts, and without identifying that the Concepcions were charged sales tax on other than the discounted price of the phones.  For this reason the Concepcions were unaware that CINGULAR charged them sales tax on the purportedly "free" cell phone or that CINGULAR calculated sales tax on the other phone at a price different than what they paid.

12.    Plaintiffs are informed and believe that at all times herein relevant, Defendant advertised and marketed, in print and live media, free or deeply discounted cell phones in conjunction with the sale of cell phone service.  Plaintiffs are further informed and believe that Defendant failed to disclose the fact that sales tax would be charged on the full value of the phone. Even in such instances when the sales tax was disclosed, the type-size, font, and location of the disclosure was such that consumers were likely to be misled to believe they were going to get the phone for free or for the stated, deeply discounted price (plus sales tax on the discounted price).

13.    At all times herein relevant, and in an ongoing manner Defendant advertised such offers as "Buy One, Get One Free," "Free After Discount," "Three For Free," "Free Out the Door," "$0 Out the Door," "$19.99 After Discount," "$49.99 After Discount," and "$99.00 After Discount."  Some of the offers included asterisks next to the offer with reference to fine print at the bottom of the advertisements with barely legible language such as "sales tax calculated on unactivated price of phone," "some restrictions apply," "see store for details," and "taxes apply." Most often, the retail value of the phones was not included in the Defendant's advertisements. Defendant continues, to this day, to send such advertisements.  Plaintiffs are informed and believe the Defendant's advertisements for "free" phones were made more than six months out of each 12 month period from 2001 to present, more than three times in any 12 months from 2001 to present, and did not have 30 days between each offer.  Plaintiffs are informed and believe the Defendant's sale of the phones for "free" in California exceeded 50% of its total volume of sales of phones in California.

4

**CLASS ALLEGATIONS**

14.     Plaintiffs bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all consumers who entered into a transaction in California wherein they received a cell phone for free or at a discount from Defendant in conjunction with the purchase of another phone or activation of cellular service, but were charged sales tax on such cell phones in excess of the tax which would have been payable calculated on the actual discounted price (the "Class").

15.     This action is properly brought as a class action for the following reasons. The members of the Class are so numerous that separate joinder of each member is impractical. It is estimated that the number of class members is in the hundreds of thousands. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. Furthermore, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications and would necessarily be dispositive of claims owned by non-party class members.

16.     The questions of law or fact common to the claims of the representative Plaintiffs and the claims of each member of the Class predominate over any questions of law or fact affecting individual members of the Class. Class representation is superior to other available methods for the fair and efficient adjudication of this controversy.

17.     Questions of law and/or fact that are common to the claims include, but are not limited to:

a.     Whether the Defendant advertised phones for free and/or at a discounted price concealing and/or failing to adequately disclose that the class members would be charged sales tax on an asserted value of the phones in excess of the contract price.

b.     Whether the Defendant illicitly shifted the tax burden to their customers.

c.     Whether the class members were likely to be misled by Defendant's deceptive and unfair advertising and marketing practices.

d.     Whether the Defendant's actions of advertising and marketing free or deeply discounted cell phones and utilizing misleading sales documentation constitute unfair or

5

1  deceptive business practices, false advertising, violations of the Consumer Legal Remedies Act,

2  and/or fraud.

3          e.       Whether the Defendant charged sales tax on an asserted retail value of the

4  phone despite the fact that they charged the class members nothing or less than such amount.

5          f.       The amount of restitution and any other applicable relief to which the

6  Class may be entitled.

7          g.       Whether injunctive relief is appropriate and the appropriate terms of such

8  injunctive relief.

9          18.     Plaintiffs' claims are typical of the claims of the Class in that the claims of all

10  members of the Class result from the Defendant's illegal practice of concealing and charging sales

11  tax either on phones that were advertised for free or on an asserted retail value of a phone that was

12  sold at a discount. Plaintiffs will fairly and adequately protect the interests of the Class in that they

13  have no interest antagonistic to those of the other class members, and Plaintiffs have retained

14  attorneys experienced in class action and complex litigation.

15          19.     The majority of the class members are expected to be geographically located in

16  the State of California.

17                          **FIRST CAUSE OF ACTION**

18                  **(For Violation of the Consumers Legal Remedies Act)**

19          20.     Plaintiffs reallege and incorporate by reference the allegations set forth in the

20  preceding paragraphs.

21          21.     Plaintiffs bring this claim individually and on behalf of the class.

22          22.     The Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1770, *et*

23  *seq.*, defines certain unfair methods of competition and unfair or deceptive acts or practices which,

24  if undertaken by a person in a transaction intended to result or which results in the sale or lease of

25  goods or services to any consumer, are unlawful.  These acts include advertising goods or services

26  with intent not to sell them as advertised, and making false or misleading statements of fact

27  concerning reasons for, existence of, or amounts of price reductions.  The CLRA provides for,

28  among other remedies, injunctive relief.

                                        6

23.   Defendant's actions constitute unfair methods of competition and unfair or deceptive acts or practices as outlined in the CLRA in at least two ways.  First, the Defendant advertises and markets cell phones for free when it does not intend to sell them to consumers for free, but rather intends to sell them for the amount of the California state sales tax calculated on an asserted retail price of the phones.  In this respect, the Defendant's advertisements and marketing campaign constitute false and/or misleading statements as to the existence of price reductions on the phones.   The Defendant knew or should have known that this advertising and marketing campaign was false and/or misleading.  Defendant knew or should have known, *inter alia*, that under the applicable Federal Trade Commission Regulation, 16 C.F.R. § 251.1 (hereinafter "FTC Reg"), as defined below, they could not advertise a product for free and then require a consumer to pay something for the product.  Defendant also knew or should have known, *inter alia*, that under the same FTC Reg they could not advertise a product for free and place conditions or additional charges in a footnote referenced by an asterisk.  In order not to mislead consumers, Defendant must clearly and conspicuously set forth that sales tax is charged on an asserted retail price of the phone at the outset of the offer to leave no reasonable probability that the terms of the offer might be misunderstood.

24.   Second, Defendant's sales receipts constitute false and/or misleading statements as to the existence of price reductions on the phones and are designed to further the deception inherent in its false advertising and marketing campaign.  In order not to mislead consumers, the Defendant must clearly and conspicuously set forth that sales tax is charged on an asserted retail price in excess of the discounted price actually paid by the consumer.

25.   By reason of the foregoing, Plaintiffs and members of the Class have been harmed.  Pursuant to § 1782 of the CLRA, Plaintiffs notified Defendant in writing via certified mail, return receipt requested of the particular violations of the CLRA and demanded Defendant rectify the actions described above by providing complete monetary relief and agreeing to cease the unlawful business practices alleged in this Complaint.

26.   Defendant failed to adequately respond to Plaintiffs' demand within 30 days pursuant to § 1782 of the CLRA.

7

## SECOND CAUSE OF ACTION

### (For Unlawful Business Practices in Violation of the Unfair Competition Law)

27.    Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

28.    Plaintiffs bring this claim individually and on behalf of the Class.

29.    The Unfair Competition Law, California Business & Profession Code §§ 17200, *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "fraudulent" or "unfair" business act or practice.  The Defendant need only violate one of the three provisions to be liable under the UCL.  Unlawful business acts are those which violate any federal, state, county, or municipal statute, code or regulation (including those of the Code of Federal Regulations) or the common law. The UCL provides for injunctive relief and restitution for violations.

30.    In the course of conducting business, Defendant charged Plaintiffs sales tax on cell phones advertised to Plaintiff as free of charge.  Similarly, Defendant charged Plaintiffs sales tax on a stated retail value of a cell phone sold for less than that value.  To collect sales tax from a consumer based upon any price other than what the consumer paid for the cell phone is against public policy, oppressive, unscrupulous, and injurious to consumers.  There is no justification for such acts and practices.  Defendant's actions constitute unlawful business acts and practices because they violate the CLRA, the Federal Trade Commission's regulation on advertising, and the California False Advertising Statute, and because Defendant fraudulently conceals material facts in violation of California law.

31.    The Defendant engages in "unlawful" business acts and practices by committing violations of the CLRA.  Defendant's continuing advertisement and marketing of cell phones for free when they do not intend to sell them for free, but for the amount of the California state sales tax and Defendant's issuance of sales receipts designed to further this deception violate the CLRA as outlined above.

32.    Defendant's actions also constitute "unlawful" business acts and practices because they violate the FTC Reg, which provides, in relevant part (emphasis added):

§251.1.  Guide  Concerning  the  Use  of  the  Word  "Free"  and  Similar

8

1   Representations.

2   (a)   General

3                                 * * *

4         (2)   Because the purchasing public continually searches for the best

5   buy, and regards the offer of "Free" merchandise or service to be a special bargain,

6   *all such offers must be made with extreme care so as to avoid the possibility that*

7   *consumers will be misled or deceived . . . .*

8   (b)   Meaning of "Free".

9         (1)   The public understands that . . . an offer of "Free" merchandise or

10  service is based upon a regular price for the merchandise or service which must be

11  purchased by consumers in order to avail themselves of that which is represented

12  to be "Free". *In other words, when the purchaser is told that an article is "Free"*

13  *to him if another article is purchased, the word "Free" indicates that he is paying*

14  *nothing for that article and no more than the regular price for the other.*  Thus, a

15  purchaser has a right to believe that the merchant will not directly and immediately

16  recover, in whole or in part, the cost of the free merchandise or service by marking

17  up the price of the article which must be purchased, by the substitution of inferior

18  merchandise or service, or otherwise.

19                                * * *

20  (c)   Disclosure of conditions.  When making "Free" or similar offers *all the*

21  *terms, conditions and obligations upon which receipt and retention of the "Free"*

22  *item are contingent should be set forth CLEARLY AND CONSPICUOUSLY AT*

23  *THE OUTSET OF THE OFFER SO AS TO LEAVE NO REASONABLE*

24  *PROBABILITY that the terms of the offer might be misunderstood.*   Stated

25  differently, all of the terms, conditions and obligations should appear in close

26  conjunction with the offer of "Free" merchandise or service.  *For example,*

27  *disclosure of the terms of the offer set forth in a footnote of an advertisement to*

28  *which reference is made by an asterisk or other symbol placed next to the offer, is*

                                    9

1     *not regarded as making disclosure at the outset.*

2     (d)    Supplier's responsibilities. . . . [I]f the supplier knows, or should know, that

3     a "Free" offer he is promoting is not being passed on by a reseller, or otherwise is

4     being used by a reseller as an instrumentality for deception, it is improper for the

5     supplier to continue to offer the product as promoted to such reseller. He should

6     take appropriate steps to bring an end to the deception, including the withdrawal of

7     the "Free" offer.

8                                \* \* \*

9     (h)    Frequency of offers. So that a "Free" offer will be special and meaningful,

10     a single size of a product or a single kind of service should not be advertised with a

11     "Free" offer in a trade area for more than six months in any 12-month period. At

12     least 30 days should elapse before another such offer is promoted in the same trade

13     area. No more than three such offers should be made in the same area in any 12-

14     month period. In such period, the offeror's sale in that area of the product in the

15     size promoted with a "Free" offer should not exceed 50 percent of the total volume

16     of his sales of the product, in the same size, in the area.

17 (Emphasis added).

18     33.    The Defendant violates this regulation through its advertising and marketing

19 campaign because Defendant does not set forth clearly and conspicuously at the outset of the offer

20 that consumers are required to pay the state sales tax on the retail value of phones in order to take

21 advantage of offers for "free" phones. The only way, if at all, any language about sales tax is

22 included in Defendant's advertisements is via asterisk referring to a footnote. The FTC Reg

23 specifically invalidates this deceptive practice. Contrary to the regulation's mandate, Defendant's

24 advertisements virtually ensure the terms of its offer will be misunderstood. Further, Defendant's

25 advertisements were made more than six months out of each 12 month period from 2001 to

26 present, more than three times in any 12 months from 2001 to present, and did not have 30 days

27 between each offer. Defendant's sale of the phones for "Free" in California exceeds 50% of its

28 total volume of sales of phones in California.

10

34.     The Defendant also engages in "unlawful" business acts and practices by committing violations of the False Advertising Statute, California Business & Professions Code §§ 17500, *et seq.* Defendant's advertising and marketing of free or deeply discounted cell phones in conjunction with the sale of cell phone service or a second phone without adequately disclosing that sales tax is charged on the full value of the phones violates the False Advertising Statute as outlined below.

35.     Finally, the Defendant engages in "unlawful" business acts and practices by fraudulently concealing material information in violation of the common law and California Civil Code §§ 1709 and 1710 as outlined below.

## THIRD CAUSE OF ACTION

### (For Fraudulent Business Practices in Violation of the Unfair Competition Law)

36.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

37.     Plaintiffs bring this claim individually and on behalf of the Class.

38.     Defendant's actions constitute "fraudulent" business acts and practices under the UCL because they are likely to deceive and have deceived members of the public. The Defendant advertises and promotes certain phones for free or at a significant discount. Defendant represents that consumers will receive the phone free of charge when, in fact, the Defendant charges the consumers sales tax on the retail value of the phone. Furthermore, consumers are led to believe they will receive cell phones at steep discounts in bundled transactions when in fact consumers are charged sales tax on a hypothetical retail value of the phone without regard to the offered discount. Consumers are likely to be deceived because the extent of the discount they receive is less than what they are led to believe. In deciding to purchase the cell phone service packages and receive the phones, Plaintiffs and other consumers like them relied on the false advertising campaign conducted by CINGULAR, and sustained losses as a result of the false advertising campaign. Such business acts and practices are fraudulent under the UCL.

39.     Defendant's actions further constitute "fraudulent" business acts and practices since members of the public are likely to be and have been deceived by Defendant's sales receipts.

11

1  Even after consumers purchase a cell phone at a deep discount they are still led to believe they are

2  being charged sales tax on the actual price paid.  This practice is deceptive because it fails to

3  clearly disclose to consumers that they are being taxed on an amount other than what they are

4  paying for the cell phones.  In order not to mislead consumers the Defendant must clearly and

5  conspicuously set forth the fact that sales tax is charged on an asserted retail price and not on the

6  actual price charged for the phone.

7  **FOURTH CAUSE OF ACTION**

8  **(For Unfair Business Practices in Violation of the Unfair Competition Law)**

9       40.    Plaintiffs reallege and incorporate by reference the allegations set forth in the

10  preceding paragraphs.

11       41.    Plaintiffs bring this claim individually and on behalf of the Class.

12       42.    By engaging in the above-described conduct, the Defendant perpetrates "unfair"

13  business acts and practices in that the justification for conducting a false and misleading

14  advertising and marketing campaign and for charging consumers undisclosed taxes on phantom

15  sales prices is outweighed by the gravity of the resulting harm and/or offends public policy, is

16  immoral, unscrupulous, unethical and offensive, and causes substantial injury to consumers.

17  **FIFTH CAUSE OF ACTION**

18  **(For False Advertising in Violation of the False Advertising Statute,**

19  **California Business and Professions Code Sections 17500, *et seq.*)**

20       43.    Plaintiffs reallege and incorporate by reference the allegations set forth in the

21  preceding paragraphs.

22       44.    Plaintiffs bring this claim individually and on behalf of the Class.

23       45.    Plaintiffs are informed and believe that Defendant advertises and markets free or

24  deeply discounted cell phones in conjunction with the sale of cell phone service or a second phone.

25  Plaintiffs are further informed and believe that Defendant fails to adequately disclose that sales tax

26  is charged on the full value of the phone.  Even in such instances when the sales tax is disclosed,

27  the type-size, font, and location of the disclosure is such that consumers are likely to be misled to

28  believe they are going to get the phone for free or the stated, deeply discounted price.

12

46.     The Defendant knew or should have known that this advertising is untrue and/or misleading.  The Defendant knew or should have known that under the FTC Reg, defined above, they could not advertise a product for free and then require a consumer to pay something for the product.  The Defendant also knew or should have known that under the same FTC Reg they could not advertise a product for free and then place conditions or additional charges in a footnote referenced by an asterisk.  In order not to mislead consumers, Defendant must clearly and conspicuously set forth that sales tax is charged on an asserted retail value of the phone at the outset of the offer to leave no reasonable probability that the terms of the offer might be misunderstood.

47.     The Defendant has committed acts of untrue and misleading advertising, as defined by Cal. Bus. & Prof. Code § 17500, by engaging in the acts and practices described above with the intent to induce members of the public to purchase their products and/or services.  At the time that the Defendant made the above referenced misrepresentations in their advertisements, it knew or should have known that the advertising was untrue and misleading.  In deciding to purchase the cell phone service packages and the phones, Plaintiffs and other consumers like them relied on the false advertising campaign conducted by the Defendant, and sustained losses as a result of the false advertising campaign.   The False Advertising Statute provides for both injunction relief and restitution.

## SIXTH CAUSE OF ACTION

### (For Fraudulent Concealment of Material Facts in Violation of California Civil Code Sections 1709, 1710)

48.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs.

49.     Plaintiffs bring this claim individually and on behalf of the Class.

50.     The Defendant, through its deceptive advertising and marketing campaign, fraudulently concealed material facts necessary for Plaintiffs and other consumers to make informed decisions regarding the purchase of cell phones and cell phone service plans.  Although Defendant has an affirmative duty to disclose such information in order to make its actual

13

1  representations truthful, it actively and knowingly concealed this information from Plaintiffs and

2  other consumers.

3      51.    CINGULAR's failure to disclose in advertisements and purchase documentation

4  that it calculates and charges sales tax on the full value of cell phones advertised as "free" and/or

5  deeply discounted are material omissions.  This concealed information is necessary in order to

6  make the Defendant's advertising and marketing campaign and their purchase documentation not

7  materially false or misleading in regard the amount of sales tax it charges.

8      52.    The Defendant conceals this information with the intent that Plaintiffs and other

9  consumers will rely on the otherwise false and misleading information presented to them.  Further,

10  Plaintiffs could not have discovered Defendant's omissions in the exercise of reasonable diligence

11  before the purchase of the Defendant's products and services.

12      53.    As a direct result of these omissions Plaintiffs were induced to purchase and did

13  purchase purportedly "free" and discounted cell phones, paying sales tax on a phantom price, and

14  lucrative service contracts from the Defendant.  Had Plaintiffs known the actual facts, they would

15  not have purchased these products and services from the Defendant.

16      54.    As a result of Defendant's fraudulent concealment, Plaintiffs and members of the

17  Class sustained damages in an amount yet to be determined by the evidence.  In addition, the facts

18  alleged herein show that Defendant acted fraudulently, oppressively and maliciously.  Pursuant to

19  Cal. Civ. Code § 3294, therefore, the Plaintiffs and class members are entitled to punitive damages

20  in an amount to be determined at trial.

21                    **SEVENTH CAUSE OF ACTION**

22                    **(For Unjust Enrichment)**

23      55.    Plaintiffs reallege and incorporate by reference the allegations set forth in the

24  preceding paragraphs.

25      56.    Plaintiffs bring this claim individually and on behalf of the Class.

26      57.    CINGULAR has been unjustly enriched because it knowingly gained and retained

27  money in an inequitable manner at the expense of its customers and is thus accountable to the

28  Plaintiff and the members of the class to restore such money.  The Defendant may not in good

14

1   conscience and equity retain the benefits from its wrongful conduct and those profits belong

2   instead to Plaintiffs and members of the class.   Defendant must disgorge all amounts so

3   wrongfully and unjustly obtained and be enjoined from continuing its deceptive acts and practices.

4                               **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

6          A.      For an order declaring this a class action;

7          B.      For declaratory relief finding that Defendant has engaged in unfair, unlawful, or

8   fraudulent business acts or practices in violation of the CLRA, California Business & Professions

9   Code §§ 17200, *et seq.* and 17500;

10         C.      For a temporary restraining order and a preliminary and permanent injunction

11  enjoining Defendant and its officers, directors, agents, distributors, servants, employees, attorneys,

12  and all others in active concert or participation with Defendant during the pendency of this action

13  and permanently thereafter from engaging in the false advertising campaign and charging

14  consumers sales tax on any amount other than the amount each individual consumer pays for each

15  cell phone separately;

16         D.      For restitution to all persons from whom Defendant unlawfully, unfairly, or

17  fraudulently took money, including a full refund of all sales tax improperly charged and accrued

18  interest, in addition to other unjust enrichment of Defendant, in an amount to be proven at trial;

19         E.      For actual damages suffered by Plaintiffs and members of the Class;

20         F.      For punitive damages, to be awarded to Plaintiffs and each class member;

21         G.      For interest at the maximum rate allowed by law;

22         H.      For costs of suit;

23         I.      For Plaintiffs to be awarded attorneys' fees and all litigation expenses pursuant to

24  the California Civil Code § 1780(d) and California Code of Civil Procedure § 1021.5.

25  Alternatively, for all attorneys' fees and all litigation expenses to be awarded pursuant to the

26  substantial benefit doctrine, the common fund doctrine, or any other provision of law; and

27         J.      For such other and further relief as the Court may deem just and proper.

28

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: May 2, 2006

HULETT HARPER STEWART LLP
DENNIS STEWART
BLAKE MUIR HARPER


*Dennis Stewart* 8W.
DENNIS STEWART

550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:      (619) 338-1133
Facsimile:      (619) 338-1139

NICHOLAS & BUTLER, LLP
CRAIG M. NICHOLAS
MATTHEW B. BUTLER
225 Broadway, 19th Floor
San Diego, CA  92101
Telephone:      (619) 325-0492
Facsimile:      (619) 325-0496

Attorneys for Plaintiffs

16

06CV0675 DMS (NLS)

## PROOF OF SERVICE

### *Vincent Concepcion, et al. vs. Cingular Wireless LLC*
### CASE NO.: 06CV0675 DMS (NLS)

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is: 550 West C Street, Suite 1600, San Diego, CA 92101.

That on May 2, 2006, I served the following document(s) entitled: **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT; UNFAIR COMPETITION LAW; FALSE ADVERTISING STATUTE; FRAUDULENT CONCEALMENT; AND UNJUST ENRICHMENT** on ALL INTERESTED PARTIES in this action:

JESSE M. JAUREGUI
MICHELE A. POWERS
**WESTON, BENSHOOF,**
**ROCHEFORT, RUBALCAVA &**
**MacCUISH LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Telephone 213/576-1000
Facsimile: 213/576-1100

CRAIG M. NICHOLAS
MATTHEW B. BUTLER
**NICHOLAS & BUTLER, LLP**
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone:     (619) 325-0492
Facsimile:     (619) 325-0496

**X**   **BY OVERNIGHT COURIER:**   I caused the above-referenced document(s) to be contained in an overnight envelope and to be deposited in a **Federal Express/Overnite Express** box located at 550 West C Street, San Diego, California, for delivery to the above address(es).

☐   **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown on the attached service list. The facsimile machine I used reported no error and I caused the machine to print a transmission record of the transmission.

☐   **BY PERSONAL SERVICE:** I had such envelope delivered by hand where indicated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 2, 2006, at San Diego, California.

KATIE GONZALEZ

1