# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LASTER, et al.,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>T-MOBILE USA, INC., et al.,<br><br>Defendant. | CASE NO. 06cv675 DMS (NLS)<br>LEAD CASE NO. 05cv1167 DMS (AJB)<br><br>**ORDER GRANTING DEFENDANT AT&T MOBILITY LLC'S MOTION TO STAY *CONCEPCION* PROCEEDINGS PENDING APPEAL**<br><br>[Doc. No. 158] |

Pending before the Court is Defendant AT&T Mobility LLC's ("ATTM") motion for an order staying proceedings pending appeal of this Court's order denying ATTM's motion to compel arbitration as to the Plaintiffs Vincent and Liza Concepcion. (Doc. 158.) The motion was taken under submission without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the Court grants ATTM's motion and stays the proceedings in the *Concepcion* action pending resolution of ATTM's appeal.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The procedural history is well known to the parties. The *Concepcion* action was consolidated with a related putative class action in *Laster*. ATTM's request for stay does not apply to the proceedings in *Laster*.

This Court previously addressed motions brought by Defendants ATTM and T-Mobile to compel the *Laster* Plaintiffs to arbitration. The Court denied the motions to compel arbitration, finding the arbitration agreements to be procedurally and substantively unconscionable under California law. Thereafter, ATTM and T-Mobile appealed the Court's order denying their motion to compel arbitration and moved for a stay of proceedings pending appeal. (Doc. 65-68). The Court granted ATTM's motion and stayed the actions pending appeal ("*Laster* Stay"). (Doc. 98).

On August 17, 2007, the Ninth Circuit Court of Appeals in *Shroyer v. New Cingular Wireless Services*, held (a) that a class arbitration waiver in ATTM's standard contract for cellular phone services was unconscionable under California law, and (b) that the Federal Arbitration Act did "not preempt a holding that the waiver is unenforceable." 498 F.3d 976, 978 (9th Cir. 2007). Because *Shroyer's* class arbitration waiver was substantively identical to the class waiver provision that this Court found to be unconscionable in *Laster,* the Court of Appeals ordered all parties to "file simultaneous letter briefs . . . discussing the effect, if any, of [*Shroyer*]" on the appeal. (Doc. 110). In response, all Defendants save T-Mobile voluntarily dismissed their appeals. (Doc. 111). The Ninth Circuit disposed of T-Mobile's remaining appeal and affirmed this Court's order, in an unpublished memorandum dated October 25, 2007. (No. 06-55010). T-Mobile sought review of the Ninth Circuit's decision in the Supreme Court of the United States, which subsequently denied T-Mobile's petition for certiorari on May 27, 2008. (Doc. 151).

The Concepcions' Wireless Service Agreement ("WSA") with ATTM contained a class arbitration waiver similar to those in *Shroyer* and *Laster*. Prior to the resolution of the *Laster* appeal, however, ATTM substantially revised the waiver provision. On March 13, 2008, ATTM filed a motion to compel the *Concepcion* Plaintiffs to individual arbitration, arguing that its modified class waiver addressed the concerns set forth in *Shroyer*, and thus was enforceable. (Doc. 127). This Court disagreed, finding that the modified waiver provision addressed some but not all of the deficiencies identified in *Shroyer*. Specifically, this Court found the WSA's arbitration provision partially satisfied the concerns of *Shroyer* because it provided consumers with "sufficient incentive" to pursue disputes involving small damage amounts in arbitration. (*Id.* at 17.) Nevertheless, this Court found that the class arbitration waiver was unenforceable because it did not adequately address California's stated

policy of favoring class litigation and arbitration as a mechanism to "deter alleged fraudulent conduct in cases involving large numbers of consumers with small amounts of damages." (*Id.* at 20.)

At least one other court has addressed the arbitration provision in question and held it to be unconscionable and thus, unenforceable. *See Steiner v. Apple Computer, Inc.*, 556 F.Supp.2d 1016 (N.D. Cal. 2008). Subsequently, the court in *Steiner* stayed proceedings pending ATTM's appeal. ATTM now invites this Court to do the same.

## II.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a party whose motion to compel arbitration is denied may immediately appeal. 9 U.S.C. § 16(a). "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citation omitted). However, "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990) (citation omitted).[1]

The decision to stay proceedings is left to the discretion of the trial court. *See Britton*, 916 F.2d at 1412. The trial court may stay proceedings pending appeal if it finds that the motion to compel arbitration presents a "substantial question" for the reviewing court to consider. *Id.* In the motion to stay brought by Laster, this Court interpreted the "substantial question" standard to mean that a movant "need not show a mathematical probability of success." *Laster* Stay, at 4 (Doc. 98). Instead, the movant need only raise "a serious legal issue, *i.e.*, one that is not frivolous, regardless of whether or not the district court believes that the appellant's arguments will be successful." *Id.*, at 3.

---

[1] In its motion, ATTM notes that the Seventh, Tenth, Eleventh, and District of Columbia Circuits hold that stays for interlocutory appeals are automatic where a trial court denies a motion to compel arbitration, whereas the Second and Ninth Circuits hold such stays to be discretionary. *Compare Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir.2007), *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir.2005), *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir.2004), *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir.1997), *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924 (D.C.Cir. 2002) (per curiam), *with Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir.2004), *cert. denied*, 544 U.S. 1044 (2005); *Britton*, 916 F.2d 1405.

# III.

# DISCUSSION

## A. Serious Legal Questions for the Appellate Court

ATTM argues its motion to compel raises two serious legal questions. First, it argues that its revised class arbitration waiver is enforceable under California law and adequately addresses the shortcomings of its earlier class waiver provision. Although this Court found the revised waiver was unenforceable under *Shroyer,* ATTM argues that because the new provision offers substantial incentives for consumers to arbitrate disputes involving small damage amounts, the provision passes muster under California law and *Shroyer*. The Concepcions argue that ATTM's motion does not raise serious legal questions because "time and again its arbitration provisions have been struck down." (Opp. at 8.) A grant of ATTM's motion, according to Plaintiffs, "would be tantamount to an automatic stay of appeal in all cases of this type," because parties could frustrate litigation by revising class arbitration waivers pursuant to "change of terms" provisions, in a perpetual cycle of stay and appeal. As discussed earlier, while this Court found that the revised provision provided consumers with "sufficient incentive" to arbitrate "disputes involving small damages," (Doc. 154 at 17), a significant legal issue is presented as to whether the provision would satisfy California's public policy of deterring corporate wrongdoing in matters involving alleged large scale consumer fraud over individually small damage claims. Therefore, a stay pending appeal is warranted in order "to resolve an important issue of widespread consumer concern, at the appellate level, sooner rather than later." *See Steiner*, 2008 WL 1925197 * 3.[2]

## B. Balance of Equities

Like the stay pending appeal in *Laster*, the balance of equities favor a stay of the *Concepcion* proceedings. First, if the Court were to deny a stay and later be reversed on appeal, ATTM would incur litigation expenses contrary to "the important cost-limiting purpose of arbitration agreements." *See Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984); *Laster* Stay, at 4 (Doc.

---

[2] ATTM also argues that a serious legal issue exists regarding whether California law is preempted by the FAA, citing a recent United States Supreme Court decision, *Preston v. Ferrer*, 128 S. Ct. 978 (2008). While the Court is unpersuaded by this argument as *Preston* is distinguishable, it declines to further address this argument as ATTM has raised a significant legal concerning enforceability of its modified arbitration provision.

98). Second, although the Concepcions argue that a stay will delay their ability to prosecute important claims, such as their CLRA damage claims, they have failed to demonstrate that such delay will cause prejudice that "outweighs the potential injury to Defendant from continuing the litigation while the interlocutory appeal is pending." *Eberle v. Smith*, 2008 U.S. Dist. LEXIS 6393 (S.D. Cal. Jan. 29, 2008). Third, this stay serves the public's interest by promoting the "strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution." *See A. G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (citation and internal quotation marks omitted); *Laster* Stay, at 4 (Doc. 98). Accordingly, the balance of equities weigh in favor of granting ATTM's motion.

## IV.
## CONCLUSION

For these reasons, ATTM's motion is granted and the *Concepcion* action is stayed pending appeal. The related proceedings in *Laster* are unaffected by this Order. The Clerk of Court is instructed to administratively close *Concepcion,* 06-cv-675 DMS (NLS), which may be reopened upon application of the parties.

**IT IS SO ORDERED.**

DATED: November 3, 2008

HON. DANA M. SABRAW
United States District Judge